UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES MOTES

VERSUS

KNIGHT SPECIALTY INSURANCE
COMPANY, INC ET AL.

CIVIL ACTION NO.

20-83-SDD-EWD

## RULING

This matter is before the Court on the *Motion Partial for Summary Judgment*[1] filed by Defendants, Knight Specialty Insurance Company, Perez Logistic Corp. ("Perez"), Juan Rodriguez Garcia ("Garcia"), and Metropolitan Group Property and Casualty Insurance Co. (collectively, "Defendants"). Plaintiff, Charles Motes ("Motes") has filed an *Opposition*[2] to the *Motion*, to which Defendants filed a *Reply*.[3] For the following reasons, the Court finds that Defendants' *Motion* should be GRANTED.

I.   **FACTUAL BACKGROUND**

This case arises out of a motor vehicle collision that occurred on March 12, 2019.[4] Motes asserts that Garcia, an employee of Perez, was driving a tractor trailer and rear-ended a third-party which caused Garcia to strike Motes.[5] Motes sued both Perez and Garcia in negligence.[6] Plaintiff asserts that Perez is liable for Garcia's negligence under

---

[1] Rec. Doc. No. 16.
[2] Rec. Doc. No. 29.
[3] Rec. Doc. No. 32.
[4] Rec. Doc. No. 29, p. 2.
[5] *Id*.
[6] *Id*.

64307

the doctrine of *respondeat superior*.[7] Plaintiff also asserted an independent claim against Perez for its alleged negligence in the hiring, training, supervision, and retention of Garcia.[8] Critically, Defendants admit that Garcia was in the course and scope of his employment at the time of the collision.[9]

## II. LAW AND ANALYSIS

Defendants move for partial summary judgment on the direct claims against Perez.[10] According to Defendants, this Court's prior holding in *Wilcox v. Harco Int'l Ins.*,[11] which presented nearly identical facts and arguments, dictates dismissal of Motes' claim against Perez.[12] Defendants assert that numerous federal and state appellate courts applying Louisiana law have held that a plaintiff cannot maintain a claim against an employer for negligent hiring, training, supervision, and retention while maintaining a claim against the employee for negligence when the defendant-employer does not dispute that the employee was acting in the course and scope of his employment.[13]

Motes argues that the persuasive authority Defendants cite spawned from a Western District of Louisiana decision, *Dennis v. Collins*,[14] and a different section of the same court has since repudiated it.[15] Motes asserts that Defendants' desired result runs

---

[7] *Id.*
[8] *Id.*
[9] *Id*; Rec. Doc. No. 16-3, p. 1; Rec. Doc. No. 29-1, p. 1.
[10] Rec. Doc. No. 16-1, p. 2.
[11] 2017 WL 2772088 (M.D. La. June 26, 2017).
[12] *Id.* at 2–3, 5 (citing *Meadors v. D'Agostino*, No. 18-01007, 2020 WL 1529367, at *3–5 (M.D. La. Mar. 30, 2020); *Coffey v. Knight Refrigerated, LLC*, No. 19-3981, 2019 WL 5684258, at *3 (E.D. La. Nov. 1, 2019); *Giles v. ACE Am. Ins. Co.*, No. CV 18-6090, 2019 WL 2617170, at *2–3 (E.D. La. June 26, 2019); *Dennis v. Collins*, No. 15-2410, 2016 WL 6637973, at *4–8 (W.D. La. Nov. 9, 2016); *Wilcox*, 2017 WL 2772088, at *3; *Landry v. Nat'l Union Fire Ins. Co. of Pittsburg*, 2019-337, pp. 13-14 (La. App. 5 Cir. 12/30/19); 289 So. 3d 177, 185-86; *Wheeler v. U.S. Fire Ins. Co.*, No. 2018-1422, 2019 WL 2612903, at *2 (La. App. 1 Cir. June 13, 2019).
[13] Rec. Doc. No. 16-1, p. 5.
[14] 2016 WL 6637973 (W.D. La. Nov. 9, 2016).
[15] Rec. Doc. No. 29, p. 7 (citing *Roe v. Safety National Casualty Corp., et al*, 2020 WL 3477071 (W.D. La. June 25, 2020)).

contrary to Louisiana's comparative fault regime as explicated by the Louisiana Supreme Court.[16] Motes further argues that, "combining these theories of recovery into the same bucket" prevents plaintiffs from painting a full picture of the employer's alleged negligence and "conceal[s]" 'the employer's unreasonably dangerous conduct" "from the community"—thereby disserving the deterrent aims of tort law.[17] This, Motes asserts, "[r]uns [c]ontrary to [s]erving the [e]nds of [j]ustice."[18]

The Parties ask the Court to decide whether a plaintiff injured in a vehicle collision can maintain a negligence action against the driver of the other vehicle, and seek recovery from the driver's employee under a theory of *respondeat superior*, while also maintaining a direct action against the driver's employer under a theory of negligent training, hiring, supervision and retention when the employer admits that the employee-driver was acting in the course and scope of his employment? This is a purely legal question ripe for summary judgment. The Court recently reexamined this issue in *Zinamon et al v. STR Transport, Inc. et al*, and Motes does not advance any arguments that compel a different result.[19] For the reasons set forth therein, Defendants' *Motion* is granted.

---

[16] *Id*. at 4–6.
[17] *Id*. at 8–9.
[18] *Id*. at 8.
[19] TYESHIA ZINAMON AND MARGARRET TAYLOR v. STR TRANSPORT, INC., PRIME PROPERTY & CASUALTY, AND RAFAEL LOPEZ, No. 19-656-SDD-EWD, 2021 WL 725801 (M.D. La. Feb. 24, 2021).

## III. CONCLUSION

Defendants' *Motion for Partial Summary Judgment*[20] is **GRANTED**. Motes' direct claims against Perez for negligent hiring, training, supervision, and retention are dismissed with prejudice.

**IT IS SO ORDERED.**

In Baton Rouge, Louisiana on this __4__ day of March, 2021.

*Shelly D. Dick*
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[20] Rec. Doc. No. 16.

64307